[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-10168

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00012-CV-JEG-6

TONY GOODMAN,

Plaintiff-Appellant,

versus

O. T. RAY, et al.,

Defendants,

THE STATE OF GEORGIA,

Defendant-Appellee,

UNITED STATES OF AMERICA,

Intervenor.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 17, 2006)**

Before CARNES, HULL and HILL, Circuit Judges.

## ON REMAND FROM THE
## SUPREME COURT OF THE UNITED STATES

PER CURIAM:

This case is now before this Court on remand from the United States Supreme Court as set forth in United States v. Georgia, 546 U.S. ___, 126 S. Ct. 877 (2006). The procedural history of this case is discussed at length in the Supreme Court's decision. Id. at ___, 126 S. Ct. at 879-80.

In light of the Supreme Court's reversal of this Court's final judgment in this case, we vacate in full (1) our prior opinion in Goodman v. Ray, No. 02-10168 (11th Cir. Sept. 16, 2004); (2) the district court's August 20, 1999 order dismissing Goodman's Eighth and Fourteenth Amendment claims under 42 U.S.C. § 1983 against all defendants and dismissing Goodman's claims under Title II of the ADA[1] against certain defendants but not as to other defendants; (3) the district court's March 16, 2000 order denying Goodman's and the remaining defendants' motions for summary judgment as to Goodman's ADA claims; and (4) the magistrate judge's December 20, 2001 order granting summary judgment to the remaining defendants as to Goodman's ADA claims.

We remand this case to the district court with instructions to permit Goodman to amend his complaint and then for further proceedings consistent with

---

[1]See Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (the "ADA").

2

the Supreme Court's decision. In his amended complaint, Goodman shall specify in separate counts (1) what specific conduct he alleges violates the Eighth and Fourteenth Amendments and is actionable under 42 U.S.C. § 1983; (2) to what extent the alleged conduct underlying Goodman's constitutional claims also violates Title II of the ADA; (3) what specific conduct, if any, allegedly violates Title II of the ADA but does not violate the Eighth and Fourteenth Amendments; and (4) what named defendants are sued under § 1983, Title II of the ADA, or both, and in what capacity each named defendant is sued (such as, whether individually or in official capacity). See Georgia, 546 U.S. at ___, 126 S. Ct. at 882.[2]

After Goodman files his amended complaint in the district court, the defendants shall be given a reasonable opportunity to file new motions to dismiss or for summary judgment, which the district court in the first instance shall adjudicate consistent with the Supreme Court's decision in this case.[3]

**VACATED and REMANDED**.

---

[2]Goodman filed his complaints pro se and remained pro se until this Court appointed him pro bono counsel on appeal. Counsel has advised this Court that counsel is willing to continue to represent Goodman on remand in the district court, and thus the district court should enter an appointment order on remand.

[3]We do not express any opinion about the merits of Goodman's claims or as to what person or entity is the proper defendant on Goodman's remaining claims. We leave all of those issues to be decided by the district court in the first instance.